

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
AUG 2 2 2005
MICHAEL N. MILBY, CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE PARSONS | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| LANDRY'S RESTAURANTS, INC. | § | H-05-2971 |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JANICE PARSONS, (Plaintiff) files this her Original Complaint complaining of LANDRY'S RESTAURANTS, INC. (Defendant) and would respectfully show as follows:

**Jurisdiction and Venue**

1. This is a suit for copyright infringement brought under 17 U.S.C. § 101 et. seq. (the Copyright Act). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) which provides that the District Courts have original jurisdiction of any civil action arising under any act of Congress relating to copyrights.

2. Venue properly lies within this District pursuant to 28 U.S.C. § 1391 in that Defendant is subject to personal jurisdiction in this District and has its headquarters within this District in Houston, Texas. Also, the events giving rise to this claim occurred within this District.

**The Parties**

3. Plaintiff is an individual residing at 1201 Bering Drive # 74, Houston, Texas 77057. Plaintiff owns the copyrights to the artwork which is the subject of this lawsuit.

4. Defendant is a Delaware corporation with its principle place of business in Houston, Texas. Defendant's principle office is located at 1510 West Loop South, Houston, Texas 77027. Defendant may be served through its registered agent, Steven L. Scheinthal, at 1510 West Loop South, Houston, Texas 77027.

## Background Information

5. Plaintiff is an artist who created murals known as "Neapolitan Cartoon I" in 1988 and "Neapolitan Cartoon II" in 2002. Neapolitan I was located in the Grotto restaurant in the Highland Village shopping center in Houston, Texas which has since been demolished. Neapolitan II, which is in part a derivative work from Neapolitan I, is located in the Grotto restaurant located on Westheimer in Houston, Texas. Plaintiff was hired by the former owners of the Grotto restaurants to paint each mural. The murals were not "work made for hire" as that term is defined in § 101 of the Copyright Act as Plaintiff was not an employee of Defendant and there was no written agreement that the murals were to be considered "work made for hire". Ms. Parsons retained and owns the copyrights to both murals, and both have been filed for registration with the United States Copyright Office.

6. Defendant purchased the Grotto restaurants and recently opened a new location in The Woodlands. A mural was created in The Woodlands restaurant which is a copy of Neapolitan II (a derivative of Neapolitan I) and thus infringes on both of Ms. Parsons' copyrights. The Woodlands mural has the same characters and expressions, the same compositional elements and locations, the same colors and even includes Ms. Parsons' trademark signature, "The Big Picture." In summary, The Woodlands mural is a virtual replica of Plaintiff's copyrighted work.

## Copyright Infringement

7. Plaintiff repeats and reasserts each of the allegations contained in the preceding paragraphs.

8. Plaintiff has exclusive ownership of Neapolitan I and Neapolitan II. The mural created by Defendants in their Woodlands restaurant and any similar artwork created in the future infringes upon Plaintiff's copyrights. Under 17 U.S.C. § 501, anyone who violates any of the exclusive rights of the copyright owner is an infringer.

## Injunctive Relief

9. Plaintiff repeats and reasserts each of the allegations contained in the preceding paragraphs.

10. It is anticipated that Defendant will be opening additional Grotto restaurants and that Plaintiff's copyrighted artwork will be improperly reproduced in such restaurants. Temporary and permanent injunctive relief against such copyright infringement is appropriate.

## Injunction and Damages

11. Plaintiff is entitled to a permanent injunction enjoining the Defendant from further acts of infringement, and actual damages suffered by Plaintiff or statutory damages under 17 U.S.C. § 504. Due to the willful infringement by Defendant the Court may increase the award of statutory damages to a sum of not more than $150,000 per infringement. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to the recovery of full costs and reasonable attorney's fees as part of the costs.

12. Plaintiff hereby requests a trial by jury and as such requests that this case be placed upon this Court's jury docket.

WHEREFORE, Plaintiff prays that:

(a). This Court declare Plaintiff to be the owner of the copyrighted works identified herein, such copyrights being valid and infringed by Defendant;

(b). This Court grant an injunction prohibiting all future copyright infringement of the identified works by Defendant, its agents, servants, employees and all persons acting under their permission and authority pursuant to 17 U.S.C. § 502;

(c). This Court issue an injunction prohibiting all future copyright infringement of the identified works by Defendant, its agents, servants, employees and all persons acting under their permission and authority pursuant to 15 U.S.C. § 1114 and/or 1125;

(d).    This Court order Defendants to pay actual or statutory damages as a result of copyright infringement, enhanced due to willful infringement pursuant to 17 U.S.C.§ 504;

(e).    That Plaintiff be awarded such other and further relief as she shows herself entitled and as is just and equitable.

                          Respectfully submitted,

                          CHAFFIN & STILES

                          */s/ Robert A. Chaffin*

                          Robert A. Chaffin
                          Texas State Bar No. 04057500
                          Federal Bar No. 5838
                          David (Trey) M. Stiles, III
                          Texas State Bar No. 00788473
                          Federal Bar No. 16820
                          7500 San Felipe, Suite 1030
                          Houston, Texas 77063
                          (713) 528-1000
                          (713) 952-5972/Fax

Case 4:05-cv-02971 Document 1 Filed in TXSD on 08/22/05 Page 4 of 5

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Janice Parsons

## DEFENDANTS
Landry's Restaurants, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David (Trey) Stiles, III
Chaffin & Stiles
7500 San Felipe, Ste. 1030
Houston, Texas 77063
(713) 528-1000

ATTORNEYS (IF KNOWN)

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
AUG 22 2005
MICHAEL N. MILBY, CLERK OF COURT

H-05-2971

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

17 U.S.C. Section 101 - The Copyright Act

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 08-19-05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT